IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00160-REB-BNB

JOHN J. POWERS,

Plaintiff,

v.

ELIZABETH HICKS, CPO,
TASHA DOBBS, CPO, and
KEITH BRADLEY, Homeless Shelter Operator

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises in connection with my Order to Show Cause dated April 19, 2010 [Doc. #25]. On April 5, 2010, the court sent to the plaintiff, Mr. Powers, a Memorandum [Doc. #23]. The Memorandum was mailed to Mr. Powers at his address of record at the Fort Lyon Correctional Facility. The envelope addressed to Mr. Powers was returned as undeliverable because Mr. Powers is no longer at that address [Doc. #24].

I ordered the plaintiff to show cause in writing and on or before April 30, 2010, why the Complaint should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M and for failure to prosecute pursuant to D.C.COLO.LCivR 41.1 [Doc. #25]. I warned the plaintiff that his failure to respond to the Order to Show Cause on or before April 30, 2010, would result in my recommendation that the Complaint be dismissed in its entirety.

Mr. Powers' last filing in this case was received April 5, 2010 [Doc. #22]. In that filing, Mr. Powers indicated that the Fort Lyon Correctional Facility is his current address. The court has not received a notice of change of address from Mr. Powers as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since April 5, 2010.

Local rule of practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the Complaint and this action be DISMISSED due to the plaintiff's failure to keep the Court informed of his current addresses in violation of D.C.COLO.LCivR 10.1M and failure to prosecute in violation of D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED May 3, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge